## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBORUGH COUNTY STATE OF FLORIDA
### Civil Division

**SAUNDRA E.  O'NEAL**

     **Plaintiff,**

                                     **Case Number** _____

**v.**

**ALLIED INTERSTATE, LLC.,**

     **Defendant**

_____/

### COMPLAINT

     Plaintiff brings this action against Defendant, on the grounds and the amounts set forth herein.

### II. PARTIES

1. Plaintiff is a natural person and consumer residing in Hillsborough County, Florida.

2. Defendant is a Florida for-profit corporation whose principal place of business is in Pinellas County, Florida.

3. Defendant, a self- described "debt collector" that attempts to collect consumer debts by repeatedly calling individual's cellular telephone numbers from the Defendant's automated telephone dialing system.

### III. JURISDICTION AND VENUE

4. This is an action for relief and damages that are in excess of $15,000.00 and are within the jurisdictional limits of this court.

5.  Venue in Hillsborough County, Florida is proper in this action because the Plaintiff resides in Hillsborough County and all events arising in this action occurred in Hillsborough County.

## IV.  FACTUAL ALLEGATIONS

6.  This action arises out of the facts and circumstances surrounding phone calls and unlawful contact made by Defendant.

7.  Plaintiff, an individual and consumer, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant, who is a debt collector, for violations of State and Federal law as set forth below.

8.  Plaintiff alleges that Defendant contacted Plaintiff's in a manner that violates Chapter 559.72(7) of the Florida Statutes, because Defendant continued to contact Plaintiff and said contact on the part of Defendant was also contrary to Plaintiff's cease and desist instructions as Defendant knew that Plaintiff instructed Defendant to stop contacting Plaintiff yet Defendant chose to contact Plaintiff with complete disregard to Plaintiff's lawful rights and with an intent to annoy and harass Plaintiff.

9.  Plaintiff is an unsophisticated consumer.

10. Defendant is a third party debt collector.

11. This action arises out of a series of 179 autodialed calls placed by Defendant to Plaintiff's cellular telephone number ending in 8800 during a three month time period.

## COUNT I
## VIOLATIONS OF CHAPTER 559 OF THE FLORIDA STATUTES.

12.  Plaintiff re-alleges and re-incorporates paragraphs 1-11 above.

13.  This is a claim for violations of the Florida Consumer Collection Practices Act
(FCCPA), Chapter 559.72(7) of the Florida Statutes that was remanded by the District
Court for the Middle District of Florida.

14.  Plaintiff advised Defendant during the course of Defendant's contact with Plaintiff that
Plaintiff no longer wanted Defendant to contact her and that Plaintiff did not want to
receive any more calls or contact from Defendant.

15.  Defendant ignored Plaintiff's request and cease and desist instructions which were given
to Defendant and Defendant continued to contact the Plaintiff (post cease and desist
instruction), in disregard of Plaintiff's rights.

16.  Defendant's conduct and disregard of Plaintiff's rights and Defendant's decision to
continue contacting Plaintiff after being advised not to do so, constituted an intentional
disregard for Plaintiff rights under Florida law, including Chapter 559.72(7)of the Florida
Statutes.

17.  Plaintiff retained the undersigned counsel and is responsible for the payment of
reasonable attorneys fees.

18.  All conditions precedent have occurred prior to Plaintiff filing this action under the
FCCPA.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff re-alleges and re-incorporates paragraphs 1-11 above.

20. At all material times, Plaintiff was, and has been, the owner and subscriber of her cellular telephone number ending in 8800.

21. At no time has Plaintiff ever received any compensation relating to any settlement in a class action lawsuit for Defendant's TCPA violations.

22. Plaintiff revoked any a l l e g e d "prior express consent" that either Defendant had or mistakenly believed they had.

23. Upon information and belief, Defendant on separate instances has placed the auto-dialed telephone calls and pre-recorded messages to Plaintiff's cellular telephone number using their respective automated telephone dialing equipment, without human intervention.

24. None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

25. Upon information and belief, Defendant placed its respective telephone calls to Plaintiff's cellular telephone number using a predictive dialer, as well as, other automated dialing systems.

26.  Each call that Defendant placed to Plaintiff was made using an "automatic telephone
     dialing system" that has the capacity to store or produce telephone numbers to be
     called, using a random or sequential number generator; and to dial such numbers as
     specified by 47 U.S.C. §227(a)(1).

27.  Upon information and belief, Defendant used an automatic telephone dialing system,
     a predictive dialing system, and pre-recorded messages (as defined by the Federal
     Communications Commission's interpretation of automatic telephone dialing system
     under the Telephone Consumer Protection Act to place calls to Plaintiff's cellular
     telephone number during the last four years.

28.  The TCPA provides in 47 U.S.C. 227(b)(3):

     (3) **PRIVATE RIGHT OF ACTION.—**A person or entity may, if otherwise permitted by
     the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action
     based on a violation of this subsection or the regulations prescribed under this subsection to
     enjoin such violation,  (B) an action to recover for actual monetary loss from such a violation,
     or to receive $500 in damages for each such violation, whichever is greater, or (C) both such
     actions. If the court finds that Defendant willfully or knowingly violated this subsection or
     the regulations prescribed under this subsection, the court may, in its discretion, increase the
     amount of the award to an amount equal to not more than 3 times the amount available under
     subparagraph (B) of this paragraph.

29. Defendant's respective violations of the TCPA were willful and knowing.

30. Plaintiff is entitled to damages of $1,500.00 for each call willfully placed to her cellular telephone numbers. In the event the Court finds the calls were not willful then Plaintiff is entitled to damages of $500.00 per call.

31. By Defendant calling the Plaintiff's cellular telephone number without express consent and in direct violation of Plaintiff's instructions, Defendant willfully and knowingly violated the TCPA.47 U.S.C.  227.

32. All conditions precedent to filing this action have occurred.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1)  Statutory damages pursuant to Chapter 559.77 of the Florida Statutes;

(2)  Fair and reasonable costs of this action, court costs and attorney's fees, where provided for by law;

(3)  Judgment be entered against Defendant pursuant to 47 U.S.C. 227(b)(3) for damages of $1,500.00 for each respective call willfully or knowingly placed to Plaintiff's cellular telephone number.  In the event the Court finds the calls were not willful or placed knowingly then Plaintiff is entitled to damages of $500.00 per call;

(4) Such other and further relief that the Court deems just and proper.

6

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(5) Judgment be entered against Defendant pursuant to 47 U.S.C. 227(b)(3) for damages of $1,500.00 for each respective call willfully or knowingly placed to Plaintiff's cellular telephone number.  In the event the Court finds the calls were not willful or placed knowingly then Plaintiff is entitled to damages of $500.00 per call;

(6) Fair and reasonable costs of this action, including court costs, where provided for by law;

(7)  Such other and further relief that the Court deems just and proper.

/s/**Lisa Wilcox/**

By:_____

Lisa R. Wilcox, Esquire
FBN: 697291
721 First Ave. N.
Suite 100
St. Petersburg, Florida 33701
727-821-1707
lisa@wilcoxlawpa.com

**/s/ W. John Gadd**_____

W. John Gadd, Esq.
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Rd., Suite 250
Clearwater, FL 33762
727-524-6300
Email: wjg@mazgadd.com