UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAUNDRA E. O'NEAL,

      Plaintiff,

v.                                                          Case No: 8:16-cv-3514-MSS-AEP

ALLIED INTERSTATE, LLC,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 3) and Plaintiff's Response in opposition thereto, or in the Alternative, Motion to Remand  (Dkt. 7).

Plaintiff filed this action against Defendant after a previous action had been resolved in this Court.  (Dkt. 2)  Defendant moves to dismiss this action.  (Dkt. 3)   For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. 3) is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Motion to Remand (Dkt. 7) is **GRANTED IN PART AND DENIED IN PART**.

### I.   BACKGROUND

#### a.  Original Action

This action is related to a prior action, Saundra E. O'Neal v. Allied Interstate, LLC, Case No. 8:15-cv-1089-MSS-AAS (M.D. Fla. Sept. 26, 2016) ("Original Action"), which was filed on May 6, 2015, before this Court.  In the Original Action, Plaintiff asserted causes of action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla.

Stat. § 559.55, *et seq.*  The violations arose in connection with Defendant's allegedly continuing to contact Plaintiff's cell phone repeatedly after she requested that Defendant cease and desist communications with her.  (Original Action Dkt. 1 at ¶¶ 38-40, 61-62, 64-66)[1]

On April 1, 2016, Defendant moved for summary judgment as to both the FDCPA claim and FCCPA claim.  (Original Action Dkt. 20)  While Defendant's summary judgment motion was pending and more than seven (7) months after the deadline to amend the pleadings had passed, Plaintiff filed a motion to amend the complaint to allege a cause of action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on the same alleged 179 phone calls placed to her cell phone from July 15, 2013 through December 9, 2013 that were at issue in her FDCPA and FCCPA claims.[2]  (Dkt. 32)  Plaintiff contended that the basis for the late request to amend to add the TCPA claim was that it had only become apparent during discovery that Defendant had the capacity to use and had used an automated dialing system to place the calls in violation of the TCPA.  (Id. at 2-3)

The Court found this contention unavailing because Plaintiff alleged in her initial complaint that Defendant used an automated dialing system to place the calls to her cell phone.  (Original Action Dkt. 47 at 3-5)  The Court noted that Plaintiff's Counsel was also well aware that Defendant had the capacity to use an automated dialing system prior to the filing of the Original Action.  (Id.)  More specifically, the Court noted that Counsel served as the attorney in at least two (2) cases against Defendant that preceded the

---

[1] Plaintiff contended that Defendant placed a total of 179 phone calls to her cell phone from July 15, 2013 through December 9, 2013 in an attempt to collect a debt.  (Original Action Dkts. 23; 39)
[2] The Court's Case Management and Scheduling Order set December 30, 2015 as the deadline to amend the pleadings.  (Original Action Dkt. 15)

Original Action and, in both those cases, the allegations were that Defendant used an automated dialing system to place the calls.  (Id.)  Consequently, the Court denied Plaintiff's motion to amend to add the TCPA claim stating, in part:

> The Court finds that Plaintiff has not shown good cause to warrant modification of the pre-trial scheduling order to permit Plaintiff leave to amend the Complaint.  Specifically, the deadline to amend pleadings has passed.  Depositions have been taken, discovery has ensued, and the deadline for discovery has passed.  A dispositive motion has been filed, and the deadline to file dispositive motions has passed.  More importantly, the factual allegations that purportedly give rise to Plaintiff's claim under the TCPA were known to Plaintiff or Plaintiff's counsel prior to the filing of the Complaint and, most certainly, prior to the expiration of the Court imposed deadline to amend the pleadings.

(Id.)  Notably, Plaintiff did not appeal this denial.

On September 23, 2016, the Court entered an Order (Original Action Dkt. 51), granting in part Defendant's Motion for Summary Judgment with respect to Plaintiff's FDCPA and FCCPA claims.  Specifically, the Court dismissed Plaintiff's FDCPA claim as time barred as it was well outside the one (1) year statute of limitations period.  (Id. at 11)  The Clerk entered final judgment against the Plaintiff and in favor of Defendant on September 26, 2016.  (Dkt. 52)  No appeal was taken from that final judgment.

The Court dismissed without prejudice Plaintiff's FCCPA claim pursuant to 28 U.S.C. § 1367(c)(3) so it could be pursued in state court.  (Id. at 12-13)  Pursuant to 28 U.S.C. 1367(d), the Court tolled the statute of limitation concerning the FCCPA claim for thirty (30) days after the date of the dismissal so that Plaintiff could file the claim in state court, unless the state law provided for a longer tolling period.[3]  (Id.)

---

[3] The thirty-day timeframe provided by the Court began to run from the date of the dismissal Order, September 23, 2016. The Parties apparently dispute whether any additional time remained for Plaintiff to file her FCCPA claim beyond the 30 days tolling period the Court permitted.

### b. Present Action

On December 2, 2016, Plaintiff, Saundra E. O'Neal, filed this lawsuit against Defendant, Allied Interstate, LLC, in state court alleging violations of the FCCPA and TCPA. (Dkt. 2)  On December 28, 2016, Defendant timely removed this matter to federal court.  (Dkt. 1)  Thereafter, on January 4, 2017, Defendant filed the Motion to Dismiss (Dkt. 3), arguing that Plaintiff's TCPA claim is barred by the doctrines of *res judicata* and claim splitting.  Defendant argues additionally that Plaintiff's FCCPA claim is time barred based on the Court's Order directing Plaintiff to file the FCCPA claim no later than thirty (30) days after the date of the September 23, 2016 dismissal Order.  (Id.)

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one.  Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983).  A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do."  Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65).

In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the

plaintiff.  Quality Foods, 711 F.2d at 994-95.  However, the court should not assume that the plaintiff can prove facts that were not alleged.  Id.  Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989). "'Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint on the basis of a dispositive issue of law.'"  Brown v. Crawford County, Ga., 960 F.2d 1002, 1010 (11th Cir. 1992) (quoting Neitzke, 490 U.S. at 326.).  Further, the doctrine of *res judicata* "may be asserted on a motion to dismiss when its elements are apparent on the face of the pleadings and from public documents of which the Court may take judicial notice."  Schwab v. Huntington Nat. Bank, No. 2:12-cv-315-FtM-99SPC, 2013 WL 655248, *2 (M.D. Fla. Feb. 22, 2013) (citing Concordia v. Bendekovic, 693 F.2d 1073, 1075–77 (11th Cir. 1982)).

## III. DISCUSSION

### a.  TCPA Claim

Plaintiff's TCPA claim is barred by the doctrine of *res judicata*.  "Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  "Two cases are considered to involve the same cause of action if they arise out of the same nucleus of operative facts or are based upon the same factual predicate."  Dixon v. Board of County

Com'rs Palm Beach County, Florida, 518 Fed App'x 607, 609-10 (11th Cir. 2013).[4]  In addition, "[t]he doctrine of *res judicata* bars the filing of claims which were raised or *could have been raised* in an earlier proceeding."  Id. (emphasis added)  Moreover, *res judicata* applies when the plaintiff has been denied leave to amend a complaint and does not appeal that decision.  McMillan v. Fulton County, GA, 352 Fed. App'x 329, 331-32 (11th Cir. 2009) (citing EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 400 (2d Cir. 1997)) (explaining *res judicata* applies when the plaintiff has been denied leave to amend a complaint and does not appeal that decision).

Here, Plaintiff's TCPA claim is subject to each of the *res judicata* elements.  This Court entered its summary judgment Order, which was a final adjudication on the merits concerning Plaintiff's Original Action.  The Parties in that action were identical to the present action.  The two actions are based upon the same predicate facts, i.e. that Defendant used an automated dialing system to place 179 calls to Plaintiff's cell phone and continued to use this system to place the calls after Plaintiff requested that the calls cease.  (Compare Dkt. 2 at ¶¶ 8, 11, 14-15, 22, 25 with Original Action Dkt. 1; Dkt. 51 at 4)  Moreover, it is unequivocally undisputed that Plaintiff could have brought the TCPA claim in the Original action and, in fact, attempted to do so, albeit untimely.  In addition, Plaintiff did not appeal the Court's Order denying her leave to assert the untimely TCPA claim in the Original Action.  Nor did she appeal the final judgment entered against her.  Plaintiff attempts an end run around the Court's prior Order regarding the TCPA claim in the Original Action by filing the claim in state court in this present action.  But the doctrine

---

[4] Unpublished 11th Circuit Case:  The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority.  See 11th Cir. R. 36-2."  United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

of *res judicata* applies to bar Plaintiff's TCPA claim in the present action.

Consequently, Defendant's Motion to Dismiss (Dkt. 3) as to the TCPA claim is **GRANTED**, and Plaintiff's TCPA claim is **DISMISSED WITH PREJUDICE**.  As such, Plaintiff's Motion to Remand (Dkt. 7) as to Plaintiff's TCPA claim is **DENIED**.

### b. FCCPA Claim

Defendant argues that Plaintiff's FCCPA claim is time barred and should be dismissed because she did not file it within the time prescribed by the Court's dismissal Order.  Indeed, the Court directed Plaintiff to file the state law FCCPA claim in state court and tolled the limitations period for thirty (30) to permit Plaintiff a reasonable opportunity to do so.   Plaintiff did not file the present action asserting the FCCPA claim until December 2, 2016.  Plaintiff contends that she filed the FCCPA claim in state court on November 4, 2016, but inadvertently filed it with the wrong Court.  (Dkt. 7 at 4)

Although Defendant contends that Plaintiff's state law FCCPA claim is time barred because she did not file it within the time prescribed by the Court's dismissal Order, that Order was intended to protect Plaintiff's rights with respect to the FCCPA claim.  It was not intended to curtail any statute of limitations applicable to the FCCPA claim that provided Plaintiff more time to file the claim.  As such, the Court makes no determination as to whether Plaintiff's state law FCCPA claim is time barred.  Under § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over an ancillary claim when it has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3); see also Palmer v. Hosp. Auth. of Randolph Cnty, 22 F.3d 1559, 1569 (11th Cir. 1994); S.S. v. Princeton House Charter Sch., Inc., 909 F. Supp. 2d 1348, 1355 (M.D. Fla. 2012); Jacoboni v. KPMG, 314 F. Supp. 2d 1172, 1180  (M.D. Fla. 2004).

Having resolved Plaintiff's federal TCPA claim, the Court declines to retain jurisdiction over the state law FCCPA claim.  The Court remands this state law claim and leaves the statute of limitations issue for determination by the state court.

Accordingly, Defendant's Motion to Dismiss (Dkt. 3) as to Plaintiff's FCCPA claim is **DENIED**.  As such, Plaintiff's Motion to Remand (Dkt. 7) as to Plaintiff's FCCPA claim is **GRANTED**.

## IV. CONCLUSION

Accordingly, it is **ORDERED**

1. Defendant's Motion to Dismiss (Dkt. 3) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Telephone Consumer Protection Act claim is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's Motion to Remand (Dkt. 7) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Florida Consumer Credit Protection Act claim is **REMANDED TO STATE COURT**.

Plaintiff is admonished that if she attempts to reassert the TCPA claim in state court she will be subject to sanctions under Rule 11, Fed. R. Civ. P., should the action again be presented on removal or otherwise in this Court.

**DONE and ORDERED** in Tampa, Florida, this 24th day of April, 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Any *Pro Se* parties